change of title to the subject matter by death, the legal representatives of the deceased take such moneys as may inure by virtue of the contract, in trust for the parties interested in the property insured. There must be a decree adjusting and settling the accounts in conformity with these views.

---

## VAN ALSTRAND *a.* HOUSE.

*Supreme Court*; *Chemung Special Term, September,* 1856.

DEFAULT.—EXCUSE FOR NON-APPEARANCE.

On an application to open a default taken upon a motion to change the place of trial, the excuse stated in the attorney's affidavit was, that his client was absent so that his affidavit could not be procured in season to be used in opposing the motion.

*Held* insufficient, The attorney should not have suffered the order to be taken by default, but should have appeared and asked a postponement.

Application to open a default upon a motion to change the place of trial.

The defendant formerly moved, at a special term held by Mr. Justice Shankland, to change the place of trial of this action from Chemung to Saratoga county, which motion was granted by default. The plaintiff now moved to open the default upon an affidavit showing he had a greater number of witnesses in Chemung than the defendant had in Saratoga county. The attorney's affidavit stated as an excuse for his not opposing the motion before Mr. Justice Shankland that the plaintiff was absent and his affidavit could not be procured in time to there oppose the motion. No excuse was offered for the plaintiff's attorney's neglect to appear before Judge Shankland and ask him to postpone the hearing of the motion until he could procure the plaintiff's affidavit to procure it.

*Mr. McGuire,* for the motion.

*Mr. Woods,* opposed.

BALCOM, J.—The plaintiff's attorney should have appeared before Judge Shankland and asked him to postpone the hear-

ing of the motion until he could obtain the plaintiff's affidavit to oppose it. He offers no excuse for not doing so, except that he thought it useless to go before Judge Shankland without the plaintiff's affidavit to oppose the motion on its merits. If the plaintiff's attorney had presented his affidavit to Judge Shankland, showing that he had used due diligence to procure the plaintiff's affidavit, and had been unable to obtain it, the judge could have ordered that the motion stand over for hearing at some future special term, to enable the plaintiff's affidavit to oppose it to be procured. He was the proper judge to determine whether the plaintiff's attorney had a good excuse for not being ready then to oppose the motion on its merits. Had he ordered that the hearing of it should be postponed, the terms of the postponement would have been fixed by him.

The motion to open the default must be denied, with $10 costs, for the unexcused neglect of the plaintiff's attorney to appear and ask for a postponement of the hearing of the original motion.